# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Michael P. Henderson,

        Plaintiff,

                                      Civ. No. 10-3098 (RHK/SER)
                                      **ORDER**

v.

Unknown Police Officer and
City of Bloomington,

        Defendants.

---

Michael P. Henderson, Plaintiff *pro se*, Bloomington, Minnesota.

Jason M. Hiveley, Amanda L. Stubson, Iverson Reuvers, LLC, Bloomington, Minnesota, for Defendants.

---

      In this action, *pro se* Plaintiff Michael P. Henderson had sued the City of Bloomington, Minnesota (the "City") and one of its police officers regarding a traffic stop that resulted in a search, and subsequent seizure, of Henderson's vehicle.  Henderson named as Defendants the City and an "unknown" police officer, later identified as Officer Matt Ryan,[1] asserting claims for intentional misrepresentation (Count I) and violations of

---

[1] Because Henderson has not amended his Complaint to name Ryan as a Defendant and the deadline to amend the pleadings has passed, Ryan is entitled to dismissal of the claims against him. Fed. R. Civ. P. 4(m).  Nevertheless, the Court need not – and does not – rely on this ground to dismiss Henderson's claims.

the Fourth and Fourteenth Amendments of the United States Constitution (Counts II and IV, respectively).  He also requested an award of punitive damages (Count III).[2]

Since filing the Complaint, Henderson has done little to prosecute this case.  He did not discuss with defense counsel deadlines for the progression of the case, as required under Federal Rule of Civil Procedure 26(f).  (See Doc. No. 4.)  He apparently has not undertaken any discovery, although he did submit to Defendants' duly-noticed deposition.  And most critically, he has not responded to Defendants' Motion for Summary Judgment.

It is the last of these failings that dooms Henderson's claims.  On February 9, 2011, Defendants moved for summary judgment, noticing their Motion for a hearing on April 14, 2011; they served the Motion and supporting documents on Henderson by mail. (See Doc. No. 10 (notice of motion); Doc. No. 13, Ex. 5 (certificate of service).) Pursuant to Local Rule 7.1(b)(2), Henderson's response to the Motion was due on or before March 24, 2011, but he failed to file a response by that date.  Moreover, by letter dated March 16, 2011, defense counsel advised Henderson that his failure to respond could result in the dismissal of his claims.  (See Doc. No. 15.)  Yet, no response was filed.

In light of the foregoing, the Court determines that Henderson's Complaint must be dismissed for failure to prosecute.  Henderson has not responded to the summary-judgment Motion, despite being advised of the consequences of doing so.  See Fed. R.

---

[2] The Court notes that a request for punitive damages is not a separate claim, but rather a request for a certain type of relief.

Civ. P. 41(b); Page v. Pung, No. 94-3120, 1995 WL 91897, at *1 (8th Cir. Mar. 1, 1995)

(unpublished) (affirming dismissal of complaint where plaintiff failed to respond to

summary-judgment motion).[3]   While Henderson is proceeding *pro se*, that does not

relieve him of his obligation to respond to the Motion.   See, e.g., Brown v. Frey, 806 F.2d

801, 804 (8th Cir. 1986) ("Pro se litigants are not excused from compliance with

substantive and procedural law.") (citation omitted).   Moreover, the lack of

responsiveness can only be laid at Henderson's feet, as he is representing himself, and

he has a history of failing to press his claims in this case.   Insofar as he was warned of the

possible consequences of his actions, the Court determines that dismissal of Henderson's

claims with prejudice is appropriate.   See Sterling v. United States, 985 F.2d 411, 412

(8th Cir. 1993) (*per curiam*) (noting that dismissal with prejudice is appropriate "where

the plaintiff has consistently and wilfully failed to prosecute his claim").

   In any event, on the present record Defendants are entitled to prevail on the merits.

Henderson's constitutional claims stem from three actions taken by Ryan: the stop of his

car, the search thereof, and its subsequent seizure.   But Defendants have submitted

evidence to support their assertions that all of these actions were lawful.   And by failing

to respond to the Motion, that evidence stands unrebutted.[4]

---

[3] Although Rule 41(b), which governs dismissals for failure to prosecute, is couched in terms of a motion by the defendant, the Supreme Court has recognized that a district court may dismiss an action *sua sponte* on this ground.   See Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962); see also Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993) (*per curiam*).

[4] The Court notes that Henderson was obliged to "designate specific facts showing that there is a genuine issue for trial."   Hernandez v. Jarman, 340 F.3d 617, 622 (8th Cir. 2003).   The Court is not obligated to "search the entire record for some specific facts that might support [Henderson's] claim[s]."   White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990)

As to the traffic stop, Ryan avers that he stopped Henderson's car due to a crack in the windshield and a nonfunctioning light over the rear license plate (Ryan Aff. ¶ 5), both of which are violations of Minnesota law, see Minn. Stat. § 169.71, subd. 1(a)(1); Minn. Stat. § 169.50, subd. 2, and were sufficient to supply him with probable cause for the stop, United States v. Grennell, 148 F.3d 1051, 1052 (8th Cir. 1998) ("Any traffic violation, no matter how minor, provides a police officer with probable cause to stop."). Ryan also avers that Henderson consented to the search of his vehicle (Ryan Aff. ¶¶ 11-14 & Ex. B), and Henderson has acknowledged doing so (Henderson Dep. at 52-55), scuttling an unlawful-search claim. See, e.g., United States v. Rambo, 789 F.2d 1289, 1296 (8th Cir. 1986). Finally, Ryan avers that he impounded Henderson's vehicle because his driver's license had expired and he lacked automobile insurance. (Ryan Aff. ¶¶ 10, 12.) Henderson conceded in his deposition that his license had expired well before the traffic stop and that he lacked insurance when the stop occurred. (Henderson Dep. at 58, 65-66.) Since a driver without a valid license may not drive a motor vehicle in Minnesota, Minn. Stat. § 171.02, subd. 1(a), and an uninsured vehicle may not be operated on Minnesota roads, Minn. Stat. § 169.797, subd. 2-3, the Court finds that the seizure was not only reasonable but necessary. Simply put, the record discloses no constitutional violation.

As for the misrepresentation claim, when asked about the claim at his deposition, Henderson asserted that Ryan "misrepresent[ed] himself in his [police] report."

(per curiam); accord, e.g., Rodgers v. City of Des Moines, 435 F.3d 904, 908 (8th Cir. 2006) ("Without some guidance, [a court need] not mine a summary judgment record searching for nuggets of factual disputes.").

(Henderson Dep. at 78 ("He's misrepresenting himself there on the street with his search and his witch hunt or whatever he was doing.").)  This vague assertion is insufficient to establish the tort of intentional misrepresentation, which requires "a false representation regarding a past or present fact, [that] was material and susceptible of knowledge," which the "representer knew . . . was false" and which he "intended to induce the claimant to act."  Martens v. Minn. Mining & Mfg. Co., 616 N.W.2d 732, 747 (Minn. 2000).  The evidence simply does not support these elements.

Lastly, in the absence of any valid claim against Ryan, there can be no municipal liability against the City.  See Cook v. City of Bella Villa, 582 F.3d 840, 853 (8th Cir. 2009); Fahrendorff v. N. Homes, Inc., 597 N.W.2d 905, 910 (Minn. 1999).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 9) is **GRANTED**, and for that reason, and due to Henderson's failure to prosecute, the Complaint (Doc. No. 1, Ex. 1) is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  April 18, 2011

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge